IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAHGEHOVAH JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-24-855-D |
| CITY OF MOORE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing pro se, brought this action against the City of Moore, the Moore Police Department, four individual police officers, and the State of Oklahoma. In his Amended Complaint [Doc. No. 5], Plaintiff appears to allege that Defendants violated his civil rights in connection with a state-court criminal case involving Plaintiff. Plaintiff asserts, in general, conclusory fashion, that he was falsely arrested and imprisoned for six days; his car was impounded; officers looked at private pictures of his wife and stepdaughter; Defendants caused his foreclosure; his family does not feel safe here; he cannot make money fixing computers because of his arrest; two computers and one external hard drive were taken from his home during the execution of a search warrant; and his neighbors treat him like a criminal after his arrest. [Doc. No. 5, at 5, 8].

I.  **Dismissal for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure**

Having reviewed the Amended Complaint [Doc. No. 5], the Court finds that the complaint does not comply with FED. R. CIV. P. 8. Rule 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short

1

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a). Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pro se litigants are not excused from Rule 8's requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (556"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."). Although Plaintiff's complaint is liberally construed, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Rather, dismissal is appropriate where a pro se complaint is unreasonably long, rambling, and otherwise filled with irrelevant material. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter") (quotation omitted).

Despite a liberal construction, it is difficult to discern the basis for Plaintiff's claims for relief. With exhibits, Plaintiff's Amended Complaint is 366 pages long. The exhibits consist of open records requests and responses; various letters, e-mails, and social media posts presumably drafted by Plaintiff about the Moore Police Department, Kevin Stitt, Ryan Walters, and Darrell Weaver; documents and transcripts from Plaintiff's state-court criminal case, CF-2023-1064, District Court of Cleveland County, State of Oklahoma;

portions of citizen complaint forms that Plaintiff submitted to the Oklahoma Attorney General; correspondence related to two bar complaints filed by Plaintiff; notices of tort claims filed by Plaintiff against the Cleveland County District Attorney and the Cleveland County Sherriff; a report authored by the Federal Bureau of Investigation regarding threats made by Plaintiff against police officers; correspondence between Plaintiff and his attorneys; and Moore Police Department's case record and incident reports regarding Plaintiff. Plaintiff's Amended Complaint fails to identify with any clarity the factual or legal bases for his claims. Accordingly, dismissal is proper.[1] *See Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.").

## II.     Service of Process

Plaintiff has failed to effect service on Defendants. Pursuant to FED. R. CIV. P. 4(c), a party to a lawsuit cannot serve other parties to the litigation. FED. R. CIV. P. 4(c). Here, Plaintiff attempted to serve Defendants by personally delivering service copies to

---

[1] Apart from Plaintiff's failure to comply with Rule 8(a), Plaintiff's Amended Complaint suffers from additional deficiencies. In his Amended Complaint, Plaintiff cites to 18 U.S.C. §§ 241 and 242 in an attempt to establish federal question jurisdiction. However, sections 241 and 242 are criminal statutes, for which no private civil remedies exist. Further, throughout his Amended Complaint, Plaintiff appears to allege claims on behalf of others. [Doc. No. 5, at 5, 8] (alleging that Plaintiff's family members were embarrassed by Defendants and that they no longer feel safe in their home). Because Plaintiff is pro se, he can only bring claims on his own behalf. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

Defendants' places of business [Doc. No. 7]. However, because Plaintiff is a party to this litigation, he cannot also act as the process server.

Rule 4(c)(3) provides that the Court must order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" if the plaintiff, as in this case, "is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." FED. R. CIV. P. 4(c)(3). In the event that Plaintiff files a timely second amended complaint, as set forth below, Plaintiff may request that service be made by a United States marshal by submitting the necessary Pro Se Litigant's Request for Issuance of Summons, Summons, and USM-285 forms for each Defendant, and by providing copies of the second amended complaint to be served on each Defendant.[2] Upon receipt of all necessary service materials, the United States Marshals Service shall attempt service on Defendants. The Court sua sponte **EXTENDS** the deadline for service to January 12, 2025.

## CONCLUSION

For these reasons, Plaintiff's Amended Complaint [Doc. No. 5] is **DISMISSED WITHOUT PREJUDICE**. Within 21 days from the date of this Order, Plaintiff may file a second amened complaint that complies with Rule 8(a). If no pleading is filed within 21 days, this action will be dismissed without prejudice to a future filing, without further notice to Plaintiff.

---

[2] To that end, Plaintiff is encouraged to review the Court's Pro Se Guide; https://www.okwd.uscourts.gov/sites/okwd/files/REVISED_PRO_SE_GUIDE_WITH_FORMS.pdf

Due to the Court's dismissal of Plaintiff's Amended Complaint for failure to comply with FED. R. CIV. P. 8, it is unnecessary to consider the remaining arguments set forth in Defendant City of Moore's Motion to Dismiss [Doc. No. 8], which is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the deadline for service is extended to January 12, 2025.

**IT IS SO ORDERED** this 13th day of November, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge