IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAHGEHOVAH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-855-D |
| CITY OF MOORE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff, appearing pro se, brought this action against the City of Moore, the Moore Police Department, four individual police officers (Todd Gibson, Brendon Hughes, Jason Landrum, and Clinton Johnson), and the State of Oklahoma [Doc. No. 16, Second Amended Complaint]. Before the Court are motions to dismiss filed by the State of Oklahoma [Doc. No. 26], the Moore Police Department [Doc. No. 27], the City of Moore [Doc. No. 28], and the Officers [Doc. No. 29]. Plaintiff filed a joint response [Doc. No. 30]. The City of Moore, the Moore Police Department, and the Officers filed replies [Doc. Nos. 31-33]. The matters are fully briefed and at issue.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242. Plaintiff claims that his civil rights were violated by Defendants based on the following allegations:

> Between March 2023 and July 2024, Defendants falsely arrested Plaintiff, invaded privacy, imprisoned Plaintiff, committed perjury 1/3/24, and coerced Plaintiff in a plea agreement 7/18/24. All events happened at my home, City of

1

> Moore, and Cleveland County. I was falsely arrested and imprisoned on 6/29/23 for six days. My car was impounded 6/29/23 during arrest. Invasion of privacy started 6/30/23. This caused our foreclosure and I did a voluntary repossession to avoid harassment. My family doesn't feel safe, every time we hear a loud sound we think it's the police. The police embarrassed my daughters by going through underwear[] during raid. My kids won't play outside because of embarrassment. Officers defamed me during raid in front of neighbor all of 6/30/23. I get treated like a criminal by neighbors. I can't fix computers because I can't pass background check.

[Doc. No. 16, at 4-5].[1] Based on these allegations, Plaintiff seeks only monetary damages in the amount of $1 trillion dollars.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Id*. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

---

[1] The day after filing his Second Amended Complaint, Plaintiff filed a document titled "Statement of Claim Full Version," which mostly contains allegations related to non-parties, such as: "OSBI: withheld evidence gathered at my home 5/26/23"; "Oklahoma County sheriff: block me on facebook 3/29/23"; "Sen. Darrell Weaver: ignored complaint 4/15/24." Per the Court's prior Order [Doc. No. 38], Plaintiff's filing was stricken from the record and will not be considered by the Court in determining the sufficiency of Plaintiff's Second Amended Complaint [Doc. No. 16].

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotations and citation omitted). Although pro se pleadings are to be liberally construed, district courts should not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

### I.　　18 U.S.C. §§ 241, 242

Plaintiff attempts to state claims against Defendants under 18 U.S.C. §§ 241 and 242, which are federal criminal statutes, neither of which provide a private cause of action. Accordingly, Plaintiff's claims under Sections 241 and 242 will be dismissed without prejudice for failure to state a claim. *See Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished) (explaining that claims brought under Sections 241 and 242 "lack a basis in the law because these statutes do not afford [a

plaintiff] a private right of action.")[2]; *see also Roman Serpik LLC v. Marsee*, 2023 WL 4553622, at *2 (W.D. Okla. July 14, 2023) (dismissing without prejudice claim brought under 18 U.S.C. § 241 because Section 241 does not provide a private cause of action, and a private citizen lacks standing to enforce criminal statutes against another private citizen).

## II.   State of Oklahoma – Eleventh Amendment Immunity

As to Plaintiff's Section 1983 claim against the State of Oklahoma, the State of Oklahoma contends that it is entitled to Eleventh Amendment immunity. Under the Eleventh Amendment, "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Neither exception has occurred in this case. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (Congress did not abrogate States' Eleventh Amendment immunity by enacting Section 1983); *see also* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."). In Plaintiff's response, he does not address the State of Oklahoma's Eleventh Amendment immunity or argue that any immunity exceptions apply in this case. For these reasons, the State of Oklahoma's Motion to Dismiss [Doc. No. 26] will be granted, and Plaintiff's Section 1983 claim against the State of Oklahoma will be dismissed without prejudice. *See Polaski v. Colo. Dep't of Transp.*, 198 F. App'x 684, 685-86 (10th Cir. 2006) (unpublished)

---

[2] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

(noting that a dismissal should be without prejudice where the plaintiff could not overcome the defendant's Eleventh Amendment immunity, which was jurisdictional in nature).

Having resolved that the State of Oklahoma is entitled to Eleventh Amendment immunity, the Court need not consider the other grounds for dismissal included in the State's motion.

### III.     The Moore Police Department – Capacity to Be Sued

In its Motion to Dismiss [Doc. No. 27], the Moore Police Department asserts that it is not an entity capable of being sued for Plaintiff's Section 1983 claim because a police department is merely a subdivision of its city and has no separate legal identity. *See Hinton v. Dennis*, 362 F. App'x 907, 907 (10th Cir. Jan. 25, 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity."). Here, because the Moore Police Department is named as a Defendant along with the City of Moore, the Court will consider any alleged conduct of the Moore Police Department in the context of Plaintiff's Section 1983 claim against the City of Moore. Accordingly, the Moore Police Department's Motion to Dismiss [Doc. No. 27] will be granted, and Plaintiff's Section 1983 claim against the Moore Police Department will be dismissed with prejudice. *See Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal with prejudice of Section 1983 claims against police department as the police department was not a legally suable entity); *see also Vassar v. City of Guthrie Police Dep't*, No. CIV-18-276-C, 2018 WL 2729250, at *2 (W.D. Okla. Apr. 20, 2018), *adopted*, No. CIV-18-276-C, 2018 WL 2728035 (W.D. Okla. June 6, 2018) (dismissing

with prejudice Section 1983 claim against Guthrie Police Department because the department "is not a suable entity under § 1983.").

## IV.     Section 1983 Claims Asserted on Behalf of Others

In his Second Amended Complaint, Plaintiff seems to allege Section 1983 claims on behalf of his family members. For instance, Plaintiff alleges that his family does not feel safe; that Defendants embarrassed his daughters during a police raid on Plaintiff's home; and that his children won't play outside because of embarrassment. However, as noted by the City of Moore, Plaintiff does not have standing to assert a Section 1983 claim on behalf of others. *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("We must also keep firmly in mind the well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else."); *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982) ("When we say standing, we mean that the [section] 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased."). For this reason, to the extent that Plaintiff is attempting to bring Section 1983 claims on behalf of his family members, those claims will be dismissed without prejudice.

## V.     Section 1983 Claim Asserted Against City of Moore

In its Motion to Dismiss [Doc. No. 28], the City of Moore contends that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983. "To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Generally, a municipality may not be held liable under Section 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, where a plaintiff seeks to hold a local governmental entity liable under Section 1983, he must also show that a municipal policy or custom "was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). Specifically, a plaintiff must demonstrate 1) an official policy or custom; 2) causation; and 3) deliberate indifference. *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023).

The City of Moore argues in part that Plaintiff's Second Amended Complaint fails to allege any official policy or custom of the City of Moore (or the Moore Police Department) which allegedly resulted in a violation of Plaintiff's constitutional rights. The Court agrees. Plaintiff's Second Amended Complaint includes vague allegations that "Defendants" falsely arrested him, invaded his privacy, imprisoned him, committed perjury, and coerced him into signing a plea agreement. These vague allegations are insufficient to plead a plausible Section 1983 claim against the City of Moore, especially considering Plaintiff's failure to link any of the foregoing allegations to an official policy or custom of the City of Moore. As Plaintiff has failed to plead the existence of an official policy or custom for purposes of establishing municipal liability under Section 1983, the City of Moore's Motion to Dismiss [Doc. No. 28] will be granted as to Plaintiff's § 1983 claim.

### VI. Section 1983 Claims Asserted Against the Officers

It is unclear from Plaintiff's Second Amended Complaint whether Plaintiff brings his Section 1983 claims against the Officers in their official or individual capacities. The Court addresses both.

#### a. Official Capacity Claims

Although individual capacity suits seek to impose personal liability on a government actor for actions taken under color of state law, official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citation omitted). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, courts have dismissed the official capacity claims as redundant. *See French v. City of Cortez*, 361 F.Supp.3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Cutter v. Metro Fugitive Squad*, Case No. CIV-06-115-GKF, 2008 WL 4068188, at *5 (W.D. Okla. Aug. 29, 2008) (dismissing official capacity claims as "simply redundant" because the plaintiffs had sued the government entities); *Doe v. Douglas Cnty. School Dist. RE-1*, 775 F.Supp. 1414, 1416 (D. Colo. Oct. 17, 1991) (dismissing the "redundant" official capacity claims as a matter of "judicial economy and efficiency").

Because the City of Moore is a defendant in this action, suing the Officers in their official capacity is redundant. Accordingly, to the extent that Plaintiff attempted to sue the Officers in their official capacity, the official capacity claims against the Officers are dismissed.

    b.    **Individual Capacity Claims**

In their Motion to Dismiss [Doc. No. 29], the Officers assert that – to the extent Plaintiff intended to bring Section 1983 claims against the Officers – the Officers are entitled to qualified immunity. As stated above, Plaintiff's Second Amended Complaint contains the following allegations, in full:

> Between March 2023 and July 2024, Defendants falsely arrested Plaintiff, invaded privacy, imprisoned Plaintiff, committed perjury 1/3/24, and coerced Plaintiff in a plea agreement 7/18/24. All events happened at my home, City of Moore, and Cleveland County. I was falsely arrested and imprisoned on 6/29/23 for six days. My car was impounded 6/29/23 during arrest. Invasion of privacy started 6/30/23. This caused our foreclosure and I did a voluntary repossession to avoid harassment. My family doesn't feel safe, every time we hear a loud sound we think it's the police. The police embarrassed my daughters by going through underwear[] during raid. My kids won't play outside because of embarrassment. Officers defamed me during raid in front of neighbor all of 6/30/23. I get treated like a criminal by neighbors. I can't fix computers because I can't pass background check.

[Doc. No. 16, at 4-5]. Based on the vague nature of Plaintiff's allegations, the Officers are unsure as to whether Plaintiff intended to bring Section 1983 claims against the Officers. The Officers contend, however, that they are entitled to qualified immunity for any purported Section 1983 claims against them.

9

Where a defendant asserts qualified immunity, the plaintiff must overcome this defense. "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 572 U.S. 744, 757 (2014) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011)). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Stewart v. Beach*, 701 F.3d 1322, 1331 (10th Cir. 2012). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The court "can decide which prong to address first, and need not address both." *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017).

In his response [Doc. No. 30], Plaintiff offers no response to the Officers' qualified immunity defense. The portion of Plaintiff's response that refers to the Officers reads as follows:

> The City of Moore[,] Moore Police Department, Todd Gibson, Jason Landrum, Clinton Johnson, and Brendan Hughes conspired to violate plaintiff's rights. Todd Gibson has abused the powers of the Moore police department position numerous times to the effect of deleting a conversation between us that was held outside of Moore City Hall after town hall meeting. City cameras show Gibson and other officers follow plaintiff outside where they spoke in front of an officer with a bodycam and City of Moore camera. That's where Gibson took the

10

> chance to patronize plaintiff and act on behalf of city council. Jason Landrum and Clinton Johnson intentionally committed perjury Jan 03, 2024. The audio exculpatory evidence between Jason Landrum and Plaintiff taken June 21, 2023. The City of Moore and Moore Police Department also use[d] a former Moore officer to threaten me on March 26, 2023. When police report was filed the sheriff for Cleveland County intentionally did nothing because of a grudge because his wife sent her phone number and requested to meet plaintiff in 2021.

[Doc. No. 30, at 2].

Having failed to respond to the Officers' assertion of qualified immunity, the Court finds that the Officers are entitled to qualified immunity with respect to Plaintiff's Section 1983 claims. Instead of meeting his burden to show the violation of a constitutional right that was clearly established at the time of the challenged conduct, Plaintiff merely alleges, vaguely, that Officer Gibson has abused the powers of the Moore Police Department numerous times; that Officer Gibson deleted a conversation between Plaintiff and himself; that Officer Gibson patronized Plaintiff and "act[ed] on behalf of city council"; that Officers Landrum and Johnson "intentionally committed perjury Jan 03, 2024" and that an unspecified former Moore Police Officer threatened him in March of 2023. These vague allegations are insufficient to overcome the Officers' qualified immunity defense. Accordingly, the Officers' Motion to Dismiss [Doc. No. 29] will be granted, and Plaintiff's Section 1983 claims against the Officers will be dismissed without prejudice.[3]

---

[3] Because the Court finds that the Officers are entitled to qualified immunity, it is not necessary to address the Officers' remaining arguments for dismissal.

11

## VII. Remaining State Law Claims

Plaintiff's Second Amended Complaint could be construed to include various state law tort claims. The Court, however, declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, the Court dismisses the state law claims without prejudice. *See Gobert v. Newton-Embry*, 820 F. App'x 783, 787–88 (10th Cir. 2020) (determining the district court had the option of dismissing remaining state law claims or remanding them and finding it was not inappropriate to dismiss them); *accord Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1232 (10th Cir. 2020) (noting the "regular practice in this circuit of dismissing without prejudice state-law claims for which the district court has only supplemental, rather than original, jurisdiction when the federal-law claims to which they are supplemental are dismissed early in the litigation"); *Tonkovich v. Kansas Bd. of Regents, Univ. of Kansas*, 254 F.3d 941, 945 (10th Cir. 2001) (stating that 28 U.S.C. § 1367 grants the court discretion to dismiss supplemental state law claims when the court dismisses the federal claims over which it had original jurisdiction). Accordingly, to the extent that Plaintiff intended to allege state-law claims against Defendants, those claims are hereby dismissed without prejudice.

## VIII. Leave to Amend

The Court finds that Plaintiff's action should be dismissed and that Plaintiff need not be granted leave to amend his pleading at this time.[4] Further, upon consideration of

---

[4] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013); *see also Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010).

Plaintiff's previous submissions [Doc. Nos. 1, 5, 16], the Court finds that allowing Plaintiff to amend his complaint for a third time would be futile.

## IX. Attorney's Fees

In their Motions to Dismiss [Doc. Nos. 27-29], the City of Moore, the Moore Police Department, and the Officers seek attorney's fees pursuant to 42 U.S.C. § 1988. Section 1988 provides that, in any action brought under Section 1983, "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988. The case law makes clear that the standard is high for an award of fees in favor of a prevailing defendant in a Section 1983 action. Under section 1988, "a prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Houston v. Norton*, 215 F.3d 1172, 1175 (10th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)). "Further, when the plaintiff is pro se, an attorney's fee award in favor of the defendant is even more rare." *Weston v. Smith*, 384 F. App'x 696, 698 (10th Cir. 2010). When determining whether to assess attorney's fees against a pro se plaintiff in a Section 1983 action, "the district court should consider the pro se plaintiff's ability to recognize the objective merit of his or her claim." *Houston*, 215 F.3d at 1175.

Defendants argue that Plaintiff's claims "lack merit and fail to state a claim upon which relief may be granted" and that Plaintiff "has continued to bring claims which are either inactionable, without legal basis, or riddled with procedural defects." [Doc. No. 28, at 20; Doc. No. 29, at 15]. Given the high standard for assessing attorney's fees against a pro se plaintiff in a Section 1983 action, the Court finds that Defendants have failed to

establish that Plaintiff's action was vexatious, frivolous, or brought to harass Defendants. Plaintiff first amended his complaint on his own volition, prior to any Defendant being served. Thereafter, the Court dismissed without prejudice Plaintiff's First Amended Complaint [Doc. No. 5] for failing to comply with FED. R. CIV. P. 8(a) [Doc. No. 15]. Although Plaintiff's Second Amended Complaint fails to plead facts sufficient to survive Defendants' Motions to Dismiss [Doc. Nos. 26-29], Defendants have not cleared the high bar for awarding attorney's fees against an unsuccessful pro se plaintiff in a Section 1983 case. For these reasons, Defendants' requests for attorney's fees under Section 1988 are denied at this time.[5]

## CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss [Doc. Nos. 26, 27, 28, and 29] are **GRANTED**. **IT IS THEREFORE ORDERED** that Plaintiff's Section 1983 claim against the Moore Police Department is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** but without leave to amend. A separate judgment shall be entered.

---

[5] In the future, Defendants are instructed to request attorney's fees by separate motion. *See* LCvR54.2; LCvR7.1(c).

**IT IS SO ORDERED** this 19th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge